UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUAN FRANCISCO GONZALEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:07CV01124 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Juan Francisco Gonzalez's ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [doc. #1]. The Government filed its response to Petitioner's request on August 10, 2007.

Petitioner alleges both ineffective assistance of counsel and violation of his Sixth Amendment rights. The Court must hold an evidentiary hearing to consider claims in a 28 U.S.C. § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (*citing* 28 U.S.C. § 2255). Thus, a petitioner is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the petitioner] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (*quoting Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. The Court notes that Petitioner's claims are inadequate on their face. Therefore, no evidentiary hearing will be held. *See Shaw*, 24 F.3d at 1043.

**I.     INEFFECTIVE ASSISTANCE OF COUNSEL**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In *Strickland v. Washington*, the Supreme Court held that a showing of ineffective assistance of counsel requires a petitioner to demonstrate; (1) that counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and (2) that "counsel's deficient performance prejudiced the defense." 466 U.S. 668, 687 (1984); *see also Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995). To prove ineffective assistance of counsel, under the first prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. When evaluating counsel's performance, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Even if sufficient proof of the first prong exists, relief may only be obtained if a petitioner also proves that the deficient performance prejudiced the case. *Id.* at 697. The Court may address the two *Strickland* prongs in any order, and if a petitioner fails to make a sufficient showing of one prong, the Court need not address the other prong. *See Strickland*, 466 U.S. at 697; *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) ("If we can answer 'no' to either question, then we need not address the other part of the test.").

Petitioner alleges that his counsel was ineffective for failing to raise an *Apprendi* objection to both the two-level sentence enhancement for possession of a firearm and the drug amount used to calculate the base offense level. The possession of a weapon and the amount of drugs attributable to Petitioner were determined by the Court under a preponderance of the evidence standard. The Court finds that Petitioner's allegations of ineffective assistance of counsel fail to satisfy the first prong of the *Strickland* test.

Any objection to the Court's findings would have failed as "a sentencing court is permitted to find [sentence-enhancing] facts by a preponderance of the evidence." *United States v.*

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*Morales*, 445 F.3d 1081, 1085 (8th Cir. 2006). Petitioner's assertion that this Court's actions are contrary to *Apprendi* is incorrect. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000). "*Apprendi* does not forbid a district court from finding the existence of sentencing factors, including drug quantity, by a preponderance of the evidence; rather, it prevents courts from imposing sentences greater than the statutory maximum based on such findings." *United States v. Hernandez*, 299 F.3d 984, 993 (8th Cir. 2002) (*quoting United States v. Diaz*, 296 F.3d 680, 683 (8th Cir. 2002)). Petitioner's counsel was in no way deficient for failing to raise an *Apprendi* challenge, and the first element of the *Strickland* test is not satisfied. *Strickland*, 466 U.S. at 697.

In his Traverse, Petitioner also alleges that counsel was ineffective in failing to object when he was sentenced for an offense that was not properly alleged in the indictment. Petitioner claims that the essential element of drug quantity was absent from the indictment, but this argument is based upon an incorrect reading of the indictment. The indictment charged Petitioner with a violation of 21 U.S.C. § 841(a)(1), and goes on to state that the quantity of cocaine was more than five kilograms, and punishable under 21 U.S.C. § 841(b)(1)(A)(ii), and that the quantity of marijuana was more than one hundred kilograms, and punishable under 21 U.S.C. § 841(b)(1)(B)(vii). It is apparent to the Court that drug quantities are not absent from the indictment.[1] The allegations of drug quantities were submitted to the jury, and the jury found both of the amounts beyond a reasonable doubt. Petitioner's counsel was not deficient for not making this objection, as the offense was properly alleged in the indictment. The first element of

---

[1] Additionally, the Court notes that Petitioner appears to believe that he should have been indicted under 21 U.S.C. §§ 841(b)(1)(A)(ii) and (B)(vii). This is incorrect, as 21 U.S.C. § 841(b) does not establish a separate crime for which an indictment is necessary, but rather determines the proper sentencing range for a violation of 21 U.S.C. § 841(a)(1).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the *Strickland* test has not been satisfied, and Petitioner's claims of ineffective assistance of counsel fail. *Strickland*, 466 U.S. at 697.

## II. SIXTH AMENDMENT

In his claim under the Sixth Amendment, Petitioner alleges that his rights were violated when he was sentenced based upon facts that were not submitted to the jury. As discussed above, "a sentencing court is permitted to find [sentence-enhancing] facts by a preponderance of the evidence." *Morales*, 445 F.3d at 1085. Petitioner's assertion that this is contrary to *Apprendi* is incorrect as *"Apprendi* does not forbid a district court from finding the existence of sentencing factors, including drug quantity, by a preponderance of the evidence; rather, it prevents courts from imposing sentences greater than the statutory maximum based on such findings." *Hernandez*, 299 F.3d 984, 993 (8th Cir. 2002) (*quoting Diaz*, 296 F.3d at 683). Petitioner's Sixth Amendment rights were not violated.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Juan Francisco Gonzalez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Petitioner's Motion.

Dated this 28th day of March, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com